Reese, ■ J.
delivered the opinion of the court.
The question in this case is, whether a joint action can be brought against the surviving partner of a partnership concern, and the representative of a deceased partner?
The act of 1789, ch. 57, sec. 5, provides, that a joint debt or contract shall survive against the representative of a deceased obligor, and that in all cases of joint obligations or assumptions of co-partners or others, suits may be brought and prosecuted on the same in the same manner as if such obligations or assumptions were joint and several.
But it is said, that at common law, if the contract were several, or joint and several, the executor of the deceased may be sued in a separate action, but he cannot be sued jointly with the survivor, because one is to be charged de bonis testatoris, and the other de bonis propriis, and that the statute produces no change in this respect.
This common law reason would prevent the revival of a suit pending under such circumstances against the' representative of the party dying, but we have various statutes providing for such revival; and our act of 1813, ch. 67, prevents separate suits being brought at the same time on joint obligations. Moreover, our practice is fixed and universal on the subject, and suits are constantly- brought, and without question from any quarter, against the surviving obligor or partner and the representative of the deceased, and judgments given against the one de bonis propriis, and against the other de bonis testatoris.
The judgment of the circuit court will be reversed.